1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

HEATHER N. W.,

11
                            Plaintiff,                CASE NO. 3:23-cv-05512-GJL

        v.
12                                                    ORDER ON PLAINTIFF'S
                                                      COMPLAINT
    COMMISSIONER OF SOCIAL
13  SECURITY,

14                          Defendant.

15          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

16  Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United States Magistrate

17  Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 14, 23, 29.

18          After considering and reviewing the record, the Court concludes: (1) the Administrative

19  Law Judge ("ALJ") harmfully erred by rejecting the opinion of Dr. Kimberly Wheeler; and (2) a

20  remand for further proceedings is appropriate. The Court accordingly **REVERSES** the

21  Commissioner's final decision and **REMANDS** the case for further proceedings.

22  //

23

24

# I.   PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. Administrative Record ("AR") 454, 461. Plaintiff's hearing was held before the ALJ on March 1, 2022.  AR 349–89.

On March 21, 2022, the ALJ issued a written decision in which the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 191–226. On April 18, 2023, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1. On June 8, 2023, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4. Defendant filed the sealed AR on August 7, 2023. Dkt. 8.

# II.   BACKGROUND

Plaintiff was born in 1987 and was 32 years old on the alleged date of disability onset of March 1, 2019. AR 215, 630. Plaintiff has a high school education and most recently worked as a sales associate in 2012. AR 215, 662. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of degenerative disc disease, scoliosis, radiculopathy, and failed back syndrome; right wrist degenerative changes; left thumb trigger finger; bilateral carpal tunnel syndrome; major depressive disorder; bipolar disorder; generalized anxiety disorder; attention deficit hyperactivity disorder; binge eating disorder; post-traumatic stress disorder; and obesity. post myocardial infarction; and stent placement. AR 198. However, the ALJ found Plaintiff was not disabled because she had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except she can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk (with normal breaks) for a total of 4 hours in an 8- hour workday. She can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. She

can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can frequently balance, occasionally stoop and crawl, and can frequently kneel and crouch. She can frequently handle and perform fine finger manipulation with the bilateral upper extremities. She can tolerate occasional concentrated exposure to extreme cold, vibration, and hazards such as proximity to moving mechanical parts and working in high, exposed places. She can understand, remember, and carry out rote, routine instructions that require occasional independent judgment or decision-making for the two-hour segments that make up an eight-hour workday with normal breaks. She cannot carry out complex instructions. She can maintain concentration, persistence, and pace sufficient for work with a variable pace or end-of-day production goals, but not for fast-paced work such as work at a moving conveyor belt. She can tolerate occasional work-related interaction with coworkers and supervisors in a task or object-oriented setting as opposed to a collaborative or service-oriented setting. She should have no work-related interaction with the public. She cannot set goals independently but can understand and follow employer-set goals.

AR 202–203.

## III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the medical opinions; (2) whether the ALJ properly evaluated Plaintiff's testimony; and (3) whether the matter should be remanded for an immediate award of benefits. Dkt. 14 at 1.

### A.    Assessment of Medical Opinions

Plaintiff assigns error to the ALJ's evaluation of opinions from Dr. Kimberly Wheeler, Ph.D., and Ms. Gytha Nydam, MHC. Dkt. 14 at 9–12; Dkt. 29 at 7–9.

For applications filed on or after March 27, 2017, the Administration has directed ALJs to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). The Ninth Circuit has concluded that the "revised social security regulations are clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

### 1. The March 2019 Opinion of Dr. Kimberly Wheeler

On March 19, 2019, Dr. Kimberly Wheeler completed a psychological evaluation of Plaintiff on behalf of the Washington State Department of Social & Health Services. AR 1255–59. Plaintiff reported a history of physical and mental health troubles, focusing on her struggles with disordered eating and caring for her autistic 9-year-old son who has "severe behavioral dyscontrol [sic] issues, with rage." AR 1255. Dr. Wheeler observed that Plaintiff "sobbed often" and had "lots of guilt," exhibiting a deeply dysphoric mood and friable affect.  AR 1258–59. Dr. Wheeler also found Plaintiff's concentration was "too fractured by anxiety and depression" and her insight and judgment were adequate "to a fault" as she was "aware of what her issues are, [and] punishes herself for them." AR 1259.

Dr. Wheeler concluded that Plaintiff had severe limitations on her ability to adapt to changes in a routine work setting and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 1257. Dr. Wheeler also found marked

limitations on Plaintiff's ability to perform activities within a schedule, maintain regular

attendance, and be punctual within customary tolerances without special supervision and set

realistic goals and plan independently, along with moderate impairments in five other categories.

*Id.* She recommended therapy for Plaintiff but noted that "restoration of employability within

even two years is not a viable goal for her." AR 1258.

The ALJ rejected Dr. Wheeler's opinion, finding the severe limitations inconsistent with

Plaintiff's daily activities and with Plaintiff's "responses to treatment." AR 214–15. The ALJ

also found Dr. Wheeler "offer[ed] no objective support" for her opinion, and that the medical

record "did not usually indicate [Plaintiff] was sobbing, deeply dysphoric, or presenting with a

'friable' affect." *Id*. This decision was not supported by substantial evidence.[1]

First, Dr. Wheeler's opinion is consistent with Plaintiff's daily activities. Regarding

Plaintiff's mental impairments, the ALJ noted that Plaintiff "shops in stores and by computer for

groceries, clothing, and household items. She regularly goes to [the] drug store, therapy center,

and Walmart. She reads and creates art. She even explored going back to school." AR 208. The

ALJ failed to consider Plaintiff's activities as she performed them, including that she requires

frequent rest and often fails to complete basic chores or maintain appropriate hygiene. *See* AR

781 (Plaintiff goes days without showering, takes frequent breaks from chores, and can only

paint for up to one hour total each day); AR 1357 (Plaintiff's chore list "just keeps adding up and

nothing gets done because it's too overwhelming"); AR 1900 ("Client reports putting off taking a

shower and cleaning her house"); AR 1873 ("Cleaning is overwhelming for her. 'My best friend

had to come clean for me because I just couldn't do it'"); AR 1878 (reporting several missed

---

[1] The ALJ also rejected Dr. Wheeler's opinion because it relied upon "programmatic language, which makes [it] inherently neither valuable nor persuasive." AR 214. Because the Commissioner concedes that this was not a valid reason to reject the opinion, the Court need not address it here. Dkt. 23 at 9.

therapy appointments due to forgetfulness and high anxiety). When considering these activities as Plaintiff performed them, they do not contradict Dr. Wheeler's assigned limitations. *See Alexander M. v. Commissioner of Social Security*, No. C21-254-BAT, 2021 WL 3758145, at *3 (W.D. Wash. Aug. 25, 2021) ("There is no indication in the record Plaintiff engaged in any of these activities at a frequency or degree contradicting Dr. Bartels' opinions.").

Second, while impairments that can be controlled with medication are not disabling, *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006), the record does not show that Plaintiff's mental impairments were ever controlled by medication and therapy. Plaintiff consistently endorsed severe mental health symptoms, including during appointments where she acknowledged her treatment was somewhat helpful. *See* AR 1166 ("Lamictal and sertraline helpful but she has felt very overwhelmed recently and tearful"); AR 1870 (Plaintiff "doing better at remembering to take meds and feed the animals" but feeling more depressed, binge eating, and struggling with "low self-esteem and self-hatred"); AR 1885, 1892 (despite finding Topamax helpful with reducing binge eating, Plaintiff presented as anxious, depressed, and tearful, and reported high anxiety levels). Although Plaintiff reported improvement during several appointments in late 2020, *see* AR 1297–1311, the ALJ failed to explain how this brief success exemplified "true discrepancies" with Dr. Wheeler's opinion, "rather than the ebb and flow of the claimant's mental impairments." *Caceres v. Colvin*, No. 3:14-CV-05908-DWC, 2015 WL 4040727, at *7 (W.D. Wash. July 1, 2015).

Third, Dr. Wheeler's opinion contained sufficient objective support. An ALJ may discount a medical opinion if it is heavily based on discredited self-reports and not clinical evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, however, Dr. Wingate properly relied both "on the patient's self-report, as well as on [her] observations of the

1   patient." *See Tara B. v. Comm'r of Soc. Sec.*, No. C21-0332-SKV, 2023 WL 4946573, at *3

2   (W.D. Wash. Aug. 3, 2023) (citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)). The

3   ALJ himself acknowledged that Plaintiff was sobbing, deeply dysphoric, and had a friable affect

4   during her appointment with Dr. Wheeler, but found these observations contradicted the medical

5   record, which "did not usually indicate" she was in such a state. AR 214–15. A review of the

6   record, however, reveals that Plaintiff appeared in a similar state at many other appointments.

7   *See, e.g.*, AR 1898 (sobbing, labile, dysregulated); AR 1890 (distraught, labile, dysregulated);

8   AR 1364 ("tearful and very dysregulated"); AR 1159, 1581, 1663, 1890 (tearful). Even in

9   appointments where she appeared more stable, she endorsed frequent crying. AR 1535, 1541,

10  1547, 1565, 1571, 1575, 1579, 1594, 1596, 1598. Thus, Dr. Wheeler adequately supported her

11  conclusions with observations of Plaintiff, and these observations do not contradict the medical

12  record.

13          **2.      The July 2021 Opinion of Gytha Nydam, MHC**

14          Plaintiff's mental health counselor, Ms. Nydam, Provided on opinion on July 19, 2021, in

15  which she opined that Plaintiff "experiences extreme distractibility, memory deficits, and

16  debilitating mood swings that preclude the client from maintaining employment." AR 1372.

17  Plaintiff contests the ALJ's rejection of this opinion, which was based on similar grounds as his

18  rejection of Dr. Wheeler's opinion. Dkt. 14 at 10; Dkt. 19 at 8–9; AR 215.

19          The Court has reviewed Plaintiff's arguments but declines to reach them as the Court has

20  already determined that remand is necessary, and Plaintiff's RFC must be reevaluated for the

21  reasons given above. *See* Social Security Ruling 96-8p, (an RFC "must always consider and

22  address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

23  (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

24

**B.      Plaintiff's Testimony**

Plaintiff also argues that the ALJ erred by discrediting her hearing testimony. Dkt. 14 at 4–9. Again, because reconsideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's credibility, the ALJ is further directed to reconsider this evidence on remand.

## IV.     CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this Order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 2nd day of April, 2024.

Grady J. Leupold
United States Magistrate Judge